IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. LARRY CAMP and SABRINA MARTINDALE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CORRECTIONAL MEDICAL SERVICES, INC., RICHARD F. ALLEN, individually and in his official capacity as Commissioner of Alabama Department of Corrections, RUTH NAGLICH, in her official and individual capacities, and LAURA FERRELL, in her official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO. 2:08cv227-CSC

## DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S MOTION TO STRIKE IMMATERIAL, IMPERTINENT AND/OR SCANDALOUS MATTERS

COMES NOW, Defendant CORRECTIONAL MEDICAL SERVICES, INC. ("CMS") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and files its Motion to Strike Immaterial, Impertinent and/or Scandalous Matter contained within the Complaint filed by Plaintiffs DR. LARRY CAMP ("Dr. Camp") and SABRINA MARTINDALE ("Martindale" or together with Dr. Camp, the "Plaintiffs"), and states as follows:

1. On March 27, 2008, Plaintiffs filed their Complaint with the Court seeking declaratory, injunctive and other relief against CMS and other Defendants.

2. Plaintiffs alleged various causes of actions against Defendants based upon Plaintiffs' allegations that Defendants wrongfully failed to hire them.

3. The following allegations and/or statements made in Plaintiffs' Complaint are immaterial, impertinent and/or scandalous, and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure:

a. Paragraph 11 of Plaintiffs' Complaint states, in part, that "[t]he services provided by CMS on behalf of the ADOC, pursuant to its three-year, 228 million dollar contract with the ADOC, are funded by Alabama taxpayers."

b. Paragraph 22 of Plaintiffs' Complaint again references the "three-year medical services contract with CMS valued at over $223 million."

c. Paragraph 23 of Plaintiffs' Complaint states, "Alabama's Legislative Contract Review Committee initially delayed implementation of the contract after it received reports that another contractor had bid between $6-9 million less than CMS and learned that several ADOC officials who had reviewed the contracts had previously worked for CMS. Alabama's Legislative Contract Review Committee does not have the power to cancel contracts, and despite their concerns, the contract became effective November 1, 2007."

4. "Immaterial matter is that which has no essential or important relationship to the claim for relief." Delaware Health Care. Inc. v. MCD Holding Co., 893 F.Supp. 1279, 1291-92 (D. Del. 1995), *citing* 5A C. Wright & A. Miller § 1382, at 706-07. "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id.; Cech v. Crescent Hills Coal Co., 2002 U.S. Dist. LEXIS 15731, 15747 (W.D. Pa. 2002).

5. The amount and/or value of CMS's contract with the Alabama Department of Corrections ("ADOC") is not in any way relevant, pertinent or material to any factual allegations or Plaintiffs' alleged causes of action and do not have any bearing on Plaintiffs' ability or inability to succeed in this action. The amount and/or value of CMS's contract with the ADOC

2

does not pertain to any issue in question and is not relevant, essential and/or important to any of Plaintiffs' claims for relief.

6. Furthermore, Plaintiffs' allegations and statements regarding the Alabama Legislative Contract Review Committee are not in any way relevant, pertinent or material to any of Plaintiffs' alleged causes of actions and do not have any bearing on whether Defendants wrongfully failed to hire Plaintiffs. Any alleged "concerns" that the Alabama Legislative Contract Committee had regarding the contract between CMS and the ADOC do not pertain to any issue and/or cause of action asserted in Plaintiff's Complaint and any evidence related to these alleged "concerns" is not relevant, essential and/or important to any of Plaintiffs' claims for relief.

7. The only conceivable purpose for the above allegations and statements to be included in Plaintiffs' Complaint is to inflame the fact finder and prejudice CMS and the other Defendants.

8. Because the above allegations and statements contained within Plaintiffs' Complaint are impertinent, immaterial and/or scandalous they are due to be stricken from Plaintiffs' Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant CORRECTIONAL MEDICAL SERVICES, INC. respectfully requests this Court strike from Plaintiffs' Complaint the above listed impertinent, immaterial and/or scandalous allegations.

Respectfully submitted by,

s/ William R. Lunsford
One of the Attorneys for Defendant Correction Medical Services, Inc.

3

David B. Block
William R. Lunsford
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Post Office Box 18668 (35804-8668)
Huntsville, Alabama 35801-4936
(256) 551-0171
(256) 512-0119 (Facsimile)

*Attorneys for Defendant Correctional Medical Services, Inc.*

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the foregoing has been furnished by Electronic Mail by CM/ECF filing and/or U.S. Mail, postage prepaid on this 16th day of April, 2008, to:

David Wayne Long-Daniels
Lindsey C. Edelmann
Greenberg Traurig LLP
The Forum, Suite 400
3290 Northside Parkway
Atlanta, GA 30327

Kim Thomas
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36104

                                              s/ William R. Lunsford
                                              Of Counsel