IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. LARRY CAMP and SABRINA MARTINDALE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CORRECTIONAL MEDICAL SERVICES, INC., RICHARD F. ALLEN, individually and in his official capacity as Commissioner of Alabama Department of Corrections, RUTH NAGLICH, in her official and individual capacities, and LAURA FERRELL, in her official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO. 2:08cv227-CSC

**ANSWER OF DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.**

COMES NOW, Defendant CORRECTIONAL MEDICAL SERVICES, INC. ("CMS") and for its Answer to the Complaint filed by Plaintiffs DR. LARRY CAMP ("Dr. Camp") and SABRINA MARTINDALE ("Martindale" or together with Dr. Camp, the "Plaintiffs"), states as follows:

1.      In response to the allegations asserted in Paragraph 1 of Plaintiffs' Complaint, CMS admits that Dr. Camp is over the age of 19 years and is a citizen of the United States and the State of Alabama. CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

2.      In response to the allegations asserted in Paragraph 2 of Plaintiffs' Complaint, CMS admits that Martindale is over the age of 19 years and is a citizen of the United States and

the State of Alabama. CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 2 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

  3.  CMS admits the allegations asserted in Paragraph 3 of Plaintiffs' Complaint.

  4.  To the extent that the allegations asserted in Paragraph 4 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 4 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

  5.  To the extent that the allegations asserted in Paragraph 5 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 5 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

  6.  To the extent that the allegations asserted in Paragraph 6 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 6 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any

conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

7. In response to the allegations asserted in Paragraph 7 of Plaintiffs' Complaint, CMS denies these allegations and demands strict proof thereof.

8. In response to the allegations asserted in Paragraph 8 of Plaintiffs' Complaint, CMS denies these allegations and demands strict proof thereof.

9. To the extent that the allegations asserted in Paragraph 9 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 9 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

10. In response to the allegations asserted in Paragraph 10 of Plaintiffs' Complaint, CMS admits that it has contracted with the ADOC to provide medical and dental care for inmates assigned to Alabama State prisons. CMS denies the remaining allegations in Paragraph 10 of Plaintiffs' Complaint, specifically, CMS denies any implication that it provides mental health care and/or services to inmates at any time relevant to the Complaint and demands strict proof thereof.

11. In response to the allegations asserted in Paragraph 11 of Plaintiffs' Complaint, CMS admits that it began providing medical and dental services on November 1, 2007, for inmates incarcerated in ADOC facilities with the State of Alabama pursuant to its contract with

the ADOC. Except as expressly admitted herein, CMS denies the remaining allegations in Paragraph 11 of Plaintiffs' Complaint, and demands strict proof thereof.

12. To the extent that the allegations asserted in Paragraph 12 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 12 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

13. To the extent that the allegations asserted in Paragraph 13 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 13 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

14. In response to the allegations asserted in Paragraph 14 of Plaintiffs' Complaint, CMS admits that Dr. Camp worked as a staff dentist at Limestone and Martindale worked as a dental assistant at Limestone; otherwise, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

15. To the extent that the allegations asserted in Paragraph 15 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 15 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

16. To the extent that the allegations asserted in Paragraph 16 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 16 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

17. To the extent that the allegations asserted in Paragraph 17 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 17 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 17 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

18. To the extent that the allegations asserted in Paragraph 18 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any

alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 18 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 18 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

19. To the extent that the allegations asserted in Paragraph 19 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 19 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

20. To the extent that the allegations asserted in Paragraph 20 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 20 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

21. To the extent that the allegations asserted in Paragraph 21 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 21

of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

22. In response to the allegations asserted in Paragraph 22 of Plaintiffs' Complaint, CMS denies these allegations and demands strict proof thereof.

23. In response to the allegations asserted in Paragraph 23 of Plaintiffs' Complaint, CMS denies these allegations and demands strict proof thereof.

24. In response to the allegations asserted in Paragraph 24 of Plaintiffs' Complaint, CMS admits that Dr. Camp submitted an application for the staff dentist position at Limestone.

25. In response to the allegations asserted in Paragraph 25 of Plaintiffs' Complaint, CMS admits that Dr. King interviewed Dr. Camp for the staff dentist position at Limestone.

26. In response to the allegations asserted in Paragraph 26 of Plaintiffs' Complaint, CMS denies these allegations and demands strict proof thereof.

27. In response to the allegations asserted in Paragraph 27 of Plaintiffs' Complaint, CMS admits that it denied Dr. Camp's application for employment; otherwise, CMS denies these allegations and demands strict proof thereof.

28. To the extent that the allegations asserted in Paragraph 28 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 28 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 28 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

29. To the extent that the allegations asserted in Paragraph 29 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 29 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 29 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

30. In response to the allegations asserted in Paragraph 30 of Plaintiffs' Complaint, CMS admits that Martindale applied for employment at Limestone and was interviewed in or about October 2007; otherwise, CMS denies these allegations and demands strict proof thereof.

31. In response to the allegations asserted in Paragraph 31 of Plaintiffs' Complaint, CMS admits that it denied Martindale's application for employment; otherwise, CMS denies these allegations and demands strict proof thereof.

32. In response to the allegations asserted in Paragraph 32 of Plaintiffs' Complaint, CMS denies these allegations and demands strict proof thereof.

33. In response to the allegations asserted in Paragraph 33 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

34. In response to the allegations asserted in Paragraph 34 of Plaintiffs' Complaint, CMS restates and incorporates each and every response to the allegations asserted in paragraphs 1 through 33 of Plaintiffs' Complaint, as if set forth fully herein.

35. In response to the allegations asserted in Paragraph 35 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

36. In response to the allegations asserted in Paragraph 36 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

37. In response to the allegations asserted in Paragraph 37 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

38. In response to the allegations asserted in Paragraph 38 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

39. In response to the allegations asserted in Paragraph 39 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

40. In response to the allegations asserted in Paragraph 40 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

41. In response to the allegations asserted in Paragraph 41 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

42. In response to the allegations asserted in paragraph 42 of Plaintiffs' Complaint, CMS restates and incorporates each and every response to the allegations asserted in paragraphs 1 through 33 of Plaintiffs' Complaint, as if set forth fully herein.

43. To the extent that the allegations asserted in Paragraph 43 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 43 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 43 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

44. To the extent that the allegations asserted in Paragraph 44 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 44 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 44 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

45. To the extent that the allegations asserted in Paragraph 45 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 45 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 45 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

46. To the extent that the allegations asserted in Paragraph 46 of Plaintiffs' Complaint relate to other defendants in this action and/or do not contain any allegations with regard to any alleged act or omission of CMS, no response is required in any way from CMS. To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 46 of Plaintiffs' Complaint, CMS lacks adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 46 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

47. In response to the allegations asserted in paragraph 47 of Plaintiffs' Complaint, CMS restates and incorporates each and every response to the allegations asserted in paragraphs 1 through 33 of Plaintiffs' Complaint, as if set forth fully herein.

48. In response to the allegations asserted in Paragraph 48 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

49. In response to the allegations asserted in Paragraph 49 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

50. In response to the allegations asserted in Paragraph 50 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

51. In response to the allegations asserted in Paragraph 51 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

52. In response to the allegations asserted in paragraph 52 of Plaintiffs' Complaint, CMS restates and incorporates each and every response to the allegations asserted in paragraphs 1 through 33 of Plaintiffs' Complaint, as if set forth fully herein.

53. In response to the allegations asserted in Paragraph 53 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

54. In response to the allegations asserted in Paragraph 54 of Plaintiffs' Complaint, CMS denies these and demands strict proof thereof.

55. CMS denies any and all remaining allegations in Plaintiffs' Complaint not specifically admitted or denied herein above.

### AFFIRMATIVE AND OTHER DEFENSES

#### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred by the doctrine of justification.

### Third Defense

Plaintiffs' claims are barred by the doctrine of qualified immunity.

### Fourth Defense

Plaintiffs' claims are barred by the doctrine of sovereign immunity.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because of their failure to mitigate damages.

### Sixth Defense

CMS avers that the wrongs and damages alleged by Plaintiffs were caused solely by the acts and/or omissions of person and/or entities for whom or which CMS is not responsible.

### Seventh Defense

Plaintiffs' claims are barred because CMS did not breach any duty CMS allegedly owed to Plaintiffs.

### Eighth Defense

Plaintiffs' claims are barred because there is no causal relationship, legal or proximate, between CMS's actions or failures to act and the Plaintiffs' alleged injuries and damages.

### Ninth Defense

Plaintiffs' claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against CMS.

### Tenth Defense

Plaintiffs' claims are barred by the employment-at-will doctrine.

### Eleventh Defense

CMS, nor any employee, officer, agent or representative of CMS, made any false representations to Martindale.

### Twelfth Defense

Martindale did not actually rely, nor did she reasonably rely, on any purported representation allegedly made by CMS or any CMS employee, officer, agent or representative.

### Thirteenth Defense

Any alleged reliance by Martindale on any alleged representations made by CMS was not reasonable.

### Fourteenth Defense

Plaintiffs' civil conspiracy count contained in the Complaint fails to allege an underlying tort in which all defendants engaged to support such claim. Willis v. Parker, 814 So. 2d 857 (Ala. 2001).

### Fifteenth Defense

CMS is not guilty of the underlying torts alleged by Plaintiffs; therefore, Plaintiffs' count of civil conspiracy fails as a matter of law. Willis v. Parker, 814 So. 2d 857 (Ala. 2001).

### Sixteenth Defense

Plaintiffs are not entitled to any judgment against CMS.

### Seventeenth Defense

Plaintiffs are not entitled to recover any damages, interest, costs, attorneys' fees or other relief whatsoever from CMS.

### Eighteenth Defense

Any and all actions of CMS, its agents, employees, officers, shareholders, directors and/or representatives with regard to Plaintiff were lawful, appropriate and/or justified.

### Nineteenth Defense

Plaintiffs' § 1983 claim is barred because any exercise by Plaintiffs of any alleged protected conduct and/or speech was not the basis for, or a substantial factor in, CMS's decision not to hire Plaintiffs and CMS's decision would have been the same in the absence of any alleged exercise of protected conduct and/or speech.

### Twentieth Defense

Plaintiffs' § 1983 claims are barred because CMS is not a state actor.

### Twenty-First Defense

Plaintiffs' Complaint is barred, wholly or in part, by agreements and/or documents executed by Plaintiffs.

### Twenty-Second Defense

To the extent Plaintiffs are claiming punitive damages against CMS, CMS states as follows:

The award of punitive damages as claimed by plaintiff violates Article I, § 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

    a.    The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

    b.    The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    c.    The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

      d.      The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants.

      e.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

      f.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

      g.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

      h.      The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

      i.      The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

      j.      The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

      k.      The standards of conduct upon which punitive damages are awarded are vague.

      l.      The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

      m.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

n. The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious or oppressive penalties.

o. The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## Twenty-Third Defense

CMS expressly reserves the right to amend its answer to assert any other grounds for avoidance and/or affirmative defenses, the basis for which may become known during discovery or trial or at any other time during the pendency of this action.

## JURY DEMAND

CMS demands a trial by struck jury as to all claims asserted in Plaintiffs' Complaint and any subsequent amendment thereto.

Respectfully submitted this the 16th day of April, 2008.

Respectfully submitted by,

s/ William R. Lunsford
One of the Attorneys for Defendant Correction Medical Services, Inc.

David B. Block
William R. Lunsford
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Post Office Box 18668 (35804-8668)
Huntsville, Alabama 35801-4936
(256) 551-0171
(256) 512-0119 (Facsimile)

*Attorneys for Defendant Correctional Medical Services, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been furnished by Electronic Mail by CM/ECF filing and/or U.S. Mail, postage prepaid on this 16th day of April, 2008, to:

David Wayne Long-Daniels
Lindsey C. Edelmann
Greenberg Traurig LLP
The Forum, Suite 400
3290 Northside Parkway
Atlanta, GA 30327

Kim Thomas
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36104

s/ William R. Lunsford
Of Counsel