## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| Dr. Larry Camp and Sabrina Martindale, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:08CV227-CSC |
| | ) |
| Correctional Medical Services, Inc. et al., | ) <u>Jury Demand Requested</u> |
| | ) |
| | ) |
| Defendants. | ) |

---

### ANSWER OF DEFENDANT ALLEN, NAGLICH, AND FERRELL

---

Come now the Defendants Richard F. Allen, Ruth Naglich and Laura Ferrell, in their official and individual capacities, and files this their Answer stating as follows:

1.      In response to the allegations asserted in Paragraph 1 of Plaintiffs' Complaint, these Defendants admit that Dr. Camp is over the age of 19 years and is a citizen of the United States and the State of Alabama.  These Defendants are without adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

2.      In response to the allegations asserted in Paragraph 2 of Plaintiffs' Complaint, these Defendants admit that Martindale is over the age of 19 years and is a citizen of the United States and the State of Alabama.  These Defendants are without adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations

asserted in Paragraph 2 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

3.      These Defendants admit the allegations asserted in Paragraph 3 of Plaintiffs' Complaint.

4.      These Defendants admit the allegations asserted in Paragraph 4 of Plaintiffs' Complaint.

5.       These Defendants admit the allegations asserted in Paragraph 5 of Plaintiffs' Complaint.

6.      These Defendants admit that Laura Ferrell is over the age of 19, employed by the Alabama Department of Corrections and may be served at 301 S.Ripley Street, Montgomery, Alabama 36130.  These Defendants deny the remainder of paragraph 6, as alleged, and demand strict proof thereof.

7.      In response to the allegations asserted in Paragraph 7 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

8.      In response to the allegations asserted in Paragraph 8 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

9.      These Defendants admit the Alabama Department of Corrections ("ADOC") is responsible for confining, managing convicted felons in a safe, secure and humane environment. To the extent that the allegations asserted in Paragraph 9 implies that the ADOC has a statutory duty created by law to provide "rehabilitative programs...utilizing professionals who are committed to public safety and to the positive re-entry of offenders into society" the Defendants are without information to reach any conclusion regarding the truth or falsity of this allegations and therefore, denies and demands strict proof thereof.

10.    These Defendants admit the allegations asserted in Paragraph 10 of Plaintiffs' Complaint.

11.    In response to the allegations asserted in Paragraph 11 of Plaintiffs' Complaint, the Defendants admit that CMS began providing medical and dental services on November 1, 2007, for inmates incarcerated in ADOC facilities with the State of Alabama pursuant to its contract with the ADOC. These Defendants admit the contract to provide medical and dental care are funded by Alabama taxpayers but denies the remaining allegations in Paragraph 11 of Plaintiffs' Complaint, and demands strict proof thereof.

12.    These Defendants admit the allegations asserted in Paragraph 12 of Plaintiffs' Complaint.

13.    These Defendants admit the allegations asserted in Paragraph 13 of Plaintiffs' Complaint.

14.    In response to the allegations asserted in Paragraph 14 of Plaintiffs' Complaint, these Defendants admit that Dr. Camp worked as a staff dentist at Limestone and Martindale worked as a dental assistant at Limestone; otherwise, these Defendants are without adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

15.    In response to the allegations asserted in Paragraph 15 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

16.    In response to the allegations asserted in Paragraph 16 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

17.    In response to the allegations asserted in Paragraph 17 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

18.    In response to the allegations asserted in Paragraph 18 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

19.    These Defendants admit that Laura Ferrell was PHS' Regional Vice-President during Dr. Camp's and Ms. Martindale's employment at Limestone. These Defendants deny that in her capacity as Regional Vice-President, Ferrell "supervised Dr. West as well as Dr. Camp and Ms. Martindale" and demands strict proof thereof.

20.    In response to the allegations asserted in Paragraph 20 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

21.    In response to the allegations asserted in Paragraph 21 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

22.    In response to the allegations asserted in Paragraph 22 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

23.    In response to the allegations asserted in Paragraph 23 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

24.    To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 24 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 24 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

25.    To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 25 of Plaintiffs' Complaint, these Defendants lack adequate

knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 25 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

26.    To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 26 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 26 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

27.    To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 27 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 27 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

28.    In response to the allegations asserted in Paragraph 28 of Plaintiffs' Complaint, these Defendants deny these allegations and demands strict proof thereof.

29.    Defendant Allen admits that Dr. Camp contacted him; otherwise, but these Defendants deny the remaining allegations in Paragraph 29 of Plaintiffs' Complaint, and demands strict proof thereof.

30.    To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 30 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 30 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

31.   To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 31 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 31 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

32.   To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 32 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 32 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

33.   To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 33 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 33 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof

34.   In response to the allegations asserted in Paragraph 34 of Plaintiffs' Complaint, these Defendants restate and incorporate each and every response to the allegations asserted in paragraphs 1 through 34 of Plaintiffs' Complaint, as if set forth fully herein.

35.   In response to the allegations asserted in Paragraph 35 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

36.   In response to the allegations asserted in Paragraph 36 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

37.    In response to the allegations asserted in Paragraph 37 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

38.    In response to the allegations asserted in Paragraph 38 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

39.    In response to the allegations asserted in Paragraph 39 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

40.    In response to the allegations asserted in Paragraph 40 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

41.    In response to the allegations asserted in Paragraph 41 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

42.    In response to the allegations asserted in paragraph 42 of Plaintiffs' Complaint, these Defendants restate and incorporate each and every response to the allegations asserted in paragraphs 1 through 41 of Plaintiffs' Complaint, as if set forth fully herein.

43.    In response to the allegations asserted in Paragraph 43 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

44.    In response to the allegations asserted in Paragraph 44 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

45.    In response to the allegations asserted in Paragraph 45 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

46.    In response to the allegations asserted in Paragraph 45 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

47.     In response to the allegations asserted in paragraph 47 of Plaintiffs' Complaint, the Defendants restate and incorporate each and every response to the allegations asserted in paragraphs 1 through 46 of Plaintiffs' Complaint, as if set forth fully herein.

48.     To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 48 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 48 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof

49.     To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 49 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 49 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof

50.     To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 50 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 50 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

51.     To the extent that Plaintiffs intend to assert any claims arising out of the allegations asserted in Paragraph 51 of Plaintiffs' Complaint, these Defendants lack adequate knowledge and/or information to reach any conclusion regarding the truth or falsity of the remaining allegations asserted in Paragraph 51 of Plaintiffs' Complaint and, therefore, denies them and demands strict proof thereof.

52.     In response to the allegations asserted in paragraph 52 of Plaintiffs' Complaint, these Defendants restate and incorporate each and every response to the allegations asserted in paragraphs 1 through 51 of Plaintiffs' Complaint, as if set forth fully herein.

53.     In response to the allegations asserted in Paragraph 53 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

54.     In response to the allegations asserted in Paragraph 54 of Plaintiffs' Complaint, these Defendants deny these and demands strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred by the doctrine of justification.

### Third Defense

Plaintiffs' claims are barred by the doctrine of qualified immunity.

### Fourth Defense

Plaintiffs' claims are barred by the doctrine of sovereign immunity.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because of their failure to mitigate damages.

### Sixth Defense

These Defendants aver that the wrongs and damages alleged by Plaintiffs were caused solely by the acts and/or omissions of person and/or entities for whom or which these Defendants are not responsible.

### Seventh Defense

Plaintiffs' claims are barred because these Defendants did not breach any duty these persons allegedly owed to Plaintiffs.

### Eighth Defense

Plaintiffs' claims are barred because there is no causal relationship, legal or proximate, between these Defendants' actions or failures to act and the Plaintiffs' alleged injuries and damages.

### Ninth Defense

Plaintiffs' claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against these Defendants.

### Tenth Defense

Plaintiffs' claims are barred by the employment-at-will doctrine.

### Eleventh Defense

These Defendants, nor CMS or any CMS employee, officer, agent or representative, made any false representations to Martindale.

### Twelfth Defense

Martindale did not actually rely, nor did she reasonably rely, on any purported representation allegedly made by CMS or any CMS employee, officer, agent or representative or these Defendants.

### Thirteenth Defense

Any alleged reliance by Martindale on any alleged representations made by CMS was not reasonable.

**Fourteenth Defense**

Plaintiffs' civil conspiracy count contained in the Complaint fails to allege an underlying tort in which all defendants engaged to support such claim.  Willis v. Parker, 814 So.2d 857 (Ala. 2001).

**Fifteenth Defense**

The Defendants are not guilty of the underlying torts alleged by Plaintiffs; therefore, Plaintiffs' count of civil conspiracy fails as a matter of law.  Willis v. Parker, 814 So.2d 857 (Ala. 2001).

**Sixteenth Defense**

Plaintiffs are not entitled to any judgment against the Defendants.

**Seventeenth Defense**

Plaintiffs are not entitled to recover any damages, interest, costs, attorneys' fees or other relief whatsoever from the Defendants.

**Eighteenth Defense**

Any and all actions of the Defendants with regard to Plaintiff were lawful, appropriate and/or justified.

**Nineteenth Defense**

Plaintiffs' § 1983 claim is barred because any exercise by Plaintiffs of any alleged protected conduct and/or speech was not the basis for, or a substantial factor in, any decision not to hire Plaintiffs and any decision would have been the same in the absence of any alleged exercise of protected conduct and/or speech.

**Twentieth Defense**

Plaintiffs' Complaint is barred, wholly or in part, by agreements and/or documents executed by Plaintiffs.

**<u>Twenty-First Defense</u>**

To the extent Plaintiffs are claiming punitive damages against Defendants, the Defendants state as follows:

The award of punitive damages as claimed by plaintiff violates Article I, § 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments of the <u>United States Constitution</u> and Article I, § 6, of the <u>Alabama Constitution of 1901</u> on the following separate and several grounds:

a.     The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

b.     The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c.     The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d.     The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants.

e.     The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f.     The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g.     The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h.    The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i.    The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

j.    The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.    The standards of conduct upon which punitive damages are awarded are vague.

l.    The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.    The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

n.    The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious or oppressive penalties.

o.    The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## Twenty-Second Defense

The Defendants expressly reserves the right to amend its answer to assert any other grounds for avoidance and/or affirmative defenses, the basis for which may become known during discovery or trial or at any other time during the pendency of this action.

### Twenty-Third Defense

To the extent that any allegation or claim is grounded in state law, the Defendants are entitled to discretionary function immunity under the Alabama Constitution.

### Twenty-Fourth Defense

To the extent that any allegation or claim is grounded in state law, the Plaintiff is barred from suit by Article I Section 14 of the Alabama Constitution.

### Twenty-Fifth Defense

To the extent that any allegation or claim is grounded in state law, the Defendants are entitled to state agent immunity.

### Twenty-Sixth Defense

Any claims against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

### JURY DEMAND

These Defendants demand a trial by struck jury as to all claims asserted in Plaintiffs' Complaint and any subsequent amendment thereto.

Respectfully submitted this the 21st day of April, 2008.

Respectfully submitted by,

s/ Kim T.Thomas (THO115)
General Counsel
Deputy Attorney General
Attorney for Allen, Naglich, and Ferrell

Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36104

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been furnished by Electronic Mail by CM/ECF filing and/or U.S. Mail, postage prepaid on this 21st day of April, 2008, to:

David Wayne Long-Daniels
Lindsey C. Edelmann
Greenberg Traurig LLP
The Forum, Suite 400
3290 Northside Parkway
Atlanta, GA 30327

David B. Block
William R. Lunsford
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Post Office Box 18668 (35804-8668)
Huntsville, Alabama 35801-4936

s/ Kim T. Thomas
Counsel