UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Dr. Larry Camp and Sabrina Martindale, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. 2:08-cv-00227-WKW-CSC ) |
| Correctional Medical Services, Inc., Richard F. Allen, individually and in his official capacity as Commissioner of Alabama Department of Corrections, Ruth Naglich, in her official and individual capacities, and Laura Ferrell, in her official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO CORRECTIONAL MEDICAL SERVICES, INC.'S MOTION TO STRIKE IMMATERIAL, IMPERTINENT AND/OR SCANDALOUS MATTERS**

Plaintiffs Larry Camp and Sabrina Martindale ("Plaintiffs") hereby file this response to Correctional Medical Services, Inc.'s ("CMS's") Motion to Strike Immaterial, Impertinent and/or Scandalous matters relating to its public contract with the Alabama Department of Corrections (the "ADOC"). As set forth in more detail below, the facts and circumstances of the contract (including the value and

funding of the contract) are directly relevant to establishing that CMS is a "state agent." Accordingly, CMS's motion should be denied in its entirety.

## I.   RELEVANT BACKGROUND

The ADOC is responsible for confining, managing, and providing rehabilitative programs for convicted felons in a safe, secure and humane environment. (See Compl. at ¶ 9, attached as Ex. A). CMS is a private entity that has contracted with Alabama and/or the ADOC to provide medical and dental services to prisoners incarcerated in Alabama. (Id. at ¶ 10-11). The three-year contract became effective November 1, 2007, and is valued at over $223 million. (Id. at ¶ 11).

Prison Health Services ("PHS") previously provided medical and dental services to prisoners assigned to Alabama State prisons pursuant to a contract it entered into with the ADOC. (Id. at ¶ 12). Pursuant to the ADOC's contract with PHS, Dr. Camp and Ms. Martindale provided dental services to prisoners (as PHS employees) located at Limestone Correctional Facility ("Limestone") in Harvest, Alabama, and other Alabama prisons. (Id. at ¶ 13).

During their employment, Dr. Camp and Ms. Martindale witnessed their supervisor engage in sanctionable misconduct, including the delivery of unnecessarily brutal and painful dentistry on the prisoner-patients. (Id. at ¶ 15). After reporting the misconduct to PHS and participating in related proceedings

conducted by the Board of Dental Examiners of Alabama, Plaintiffs were discharged by PHS.[1] (Id. at ¶¶ 16-21).

In or around September 2007, the ADOC announced that it would not renew PHS's service contract and that it would be entering into a new three-year medical and dental services contract with CMS valued at over $223 million. (Id. at ¶ 22). Shortly thereafter, Dr. Camp and Ms. Martindale applied with CMS to work at Limestone. (Id. at ¶¶ 24-30).

Although the interviews went well, CMS (allegedly at the request of the ADOC) ultimately denied their applications for employment. (Id. at ¶¶ 27-31).[2]

## II.   LEGAL ARGUMENT

### A.   Plaintiffs' Complaint

On March 27, 2008, Plaintiffs filed their Complaint with the Court seeking declaratory, injunctive, and other relief against CMS and certain employees of the ADOC. In the Complaint, Plaintiffs allege, among other things, that the

---

[1] The Board of Dental Examiners of Alabama ultimately sanctioned this supervisor, Dr. West, on May 5, 2005 for his misconduct at Limestone after finding that he failed "to comply with the current recommendations of the Centers for Disease Control and Prevention's Recommended Infection-Control Practices for Dentistry."

[2] Indeed, Ms. Martindale was told that neither she or Dr. Camp were going to be allowed to work at Limestone and that CMS employees were told not to ask any questions. (Id. at ¶ 31). Ms. Martindale was also told that one or more employees from CMS had complained to ADOC officials that they would not work with her and/or Dr. Camp because they had complained about Dr. West and/or were "whistleblowers" and/or "troublemakers." (Id. at ¶ 32).

defendants unlawfully retaliated against Plaintiffs for engaging in speech on matters of public concern, including the mistreatment of prisoners, in violation of the First and Fourteenth Amendments and 28 U.S.C. § 1983.  (See Compl. at ¶ 35).  Plaintiffs also allege that the defendants conspired together to engage in tortious conduct against Plaintiffs and to violate Plaintiffs' rights because they complained about the inhumane treatment of prisoners assigned to Limestone.  (See id. at ¶¶ 12-20, 52-54).

### B. CMS's Motion to Strike

On April 16, 2008, CMS filed a Motion to Strike Immaterial, Impertinent and/or Scandalous Matters contained in Plaintiffs' Complaint.  In its motion, CMS claims that certain facts relating to the CMS/ADOC contract are not "relevant, pertinent or material to any factual allegations or Plaintiffs' alleged causes of action and do not have any bearing on Plaintiffs' ability or inability to succeed in this action".  (CMS's Motion to Strike at 2, ¶ 5).

Specifically, CMS requests that the Court strike the following statements from the Complaint:

- "The services provided by CMS on behalf of the ADOC, pursuant to its three-year, 228 million dollar contract with the ADOC, are funded by Alabama taxpayers".  (See Compl. at ¶ 11; CMS's Mot. to Strike at 2, ¶ 3(a)).

- The "three-year medical services contract with CMS [is] valued at over $223 million".  (See Compl. at ¶ 22; CMS's Mot. to Strike at 2, ¶ 3(b)).

4

- "Alabama's Legislative Contract Review Committee initially delayed implementation of the contract after it received reports that another contractor had bid between $6-9 million less than CMS and learned that several ADOC officials who had reviewed the contracts had previously worked for CMS. Alabama's Legislative Contract Review Committee does not have the power to cancel contracts and, despite their concerns, the contract became effective November 1, 2007." (See Compl. at ¶ 23; CMS's Mot. to Strike at 2, ¶ 3(c)).

As set forth below, these statements are directly relevant to the claims asserted in the Complaint and should not be stricken as requested by CMS.

### C.   CMS's Motion To Strike Should Be Denied

Contrary to CMS's assertions, the factual statements at issue are relevant to this litigation. Indeed, it is well-established that liability between and among the defendants under 28 U.S.C. § 1983 is contingent on Plaintiffs establishing that a wrongful act "(1) was committed by a person acting under color of state law and (2) deprived [them] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For CMS's actions to be "under color of state law," the conduct must be "fairly attributable to the State" such that CMS may be fairly said to be a "state actor." Id. at 1130.

CMS can qualify as a "state actor" if Plaintiffs can establish that: (1) the State coerced or encouraged CMS to engage in the violative conduct at issue ("state compulsion test"); (2) CMS performed a public function of the State

5

("public function test"); or (3) CMS and the State are essentially acting as joint participants in a given enterprise ("nexus/joint action test"). See e.g., id.; Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

In light of this authority, and contrary to CMS's assertions, the facts and circumstances of the public contract between CMS and the ADOC are relevant, if not critical, to establishing that CMS is a "state agent." The value of the contract is relevant not only to CMS's performance of a State function but also to the State's ability to coerce CMS to take certain actions in exchange for the continuation or extension of the valuable contract.

The fact that implementation of the CMS/ADOC contract was initially delayed by the Alabama Legislative Contract Review Committee after it received reports that another contractor had bid between $6-9 million less than CMS and learned that several ADOC officials who had reviewed the contracts had previously worked for CMS is also relevant to the ability of the State to coerce CMS to take unlawful retaliatory actions against the Plaintiffs (as they may be paying a premium for CMS's "services"), the close and symbiotic relationship of the defendants, and the ability of the defendants to conspire together to harm Plaintiffs.

Moreover, these facts support Plaintiffs' allegation that their speech against the inhumane treatment of Alabama prisoners at the expense of Alabama taxpayers

6

was (and is) a matter of public concern and that such speech is protected by the First Amendment. Clearly, the factual statements at issue are relevant to this litigation and not immaterial, impertinent and/or scandalous as alleged by CMS. Accordingly, CMS's motion to strike should be denied.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that CMS's Motion to Strike Immaterial, Impertinent and/or Scandalous matters be denied in its entirety.

Respectfully submitted this 6th day of May, 2008.

/s/ *David W. Long-Daniels*
David W. Long-Daniels
Alabama Bar No. LON024
Email:  long-danielsd@gtlaw.com
Lindsey C. Edelmann
Alabama Bar No. ASB-1727-E53E
Email:  edelmannl@gtlaw.com
**GREENBERG TRAURIG, LLP**
The Forum, Suite 400
3290 Northside Parkway, NW
Atlanta, Georgia 30327
(678) 553-2247

*Counsel for Plaintiffs Dr. Larry Camp and Sabrina Martindale*

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **Dr. Larry Camp and Sabrina Martindale,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:08-cv-00227-WKW-CSC |
| | ) |
| **Correctional Medical Services, Inc., Richard F. Allen, individually and in his official capacity as Commissioner of Alabama Department of Corrections, Ruth Naglich, in her official and individual capacities, and Laura Ferrell, in her official and individual capacities,** | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO CORRECTIONAL MEDICAL SERVICES, INC.'S MOTION TO STRIKE IMMATERIAL, IMPERTINENT AND/OR SCANDALOUS MATTERS with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

David B. Block, Esq.
William R. Lunsford, Esq.
Maynard, Cooper, & Gale, P.C.
655 Gallatin Street
Huntsville, Alabama 35801

Kim Thomas, Esq.
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, Alabama

      /s/ *Lindsey C. Edelmann*
      Counsel for Plaintiffs