**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DR. LARRY CAMP and SABRINA MARTINDALE,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )<br>)<br>) |
| **CORRECTIONAL MEDICAL SERVICES, INC., RICHARD F. ALLEN, individually and in his official capacity as Commissioner of Alabama Department of Corrections, RUTH NAGLICH, in her official and individual capacities, and LAURA FERRELL, in her official and individual capacities,** | )<br>)<br>)<br>)<br>)<br>) **CIVIL ACTION NO. 2:08cv227-CSC**<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

**STIPULATED CONFIDENTIALITY ORDER**

Pursuant to Rule 26 of the <u>Federal Rules of Civil Procedure</u>, all parties stipulate to the entry by the Court of the following protective order ("Confidentiality Order"):

1. All discovery materials produced or disclosed in this action shall be subject to the terms of this Order.

2. Unless specifically marked or provided hereunder, all materials produced or disclosed shall not be treated as Confidential.

3. All discovery materials in this case produced or disclosed by a party which is specifically marked as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or otherwise clearly designated as confidential, shall be treated as Confidential Material (the "Confidential Material") as provided for herein.

4. The party receiving any production or disclosure (the "Receiving Party") of any Confidential Material may use the materials disclosed solely for the purpose of this case, and for

no other purpose, unless ordered otherwise by the Court for good cause shown. Confidential Material under this Order is not intended to include material: (a) generally available to the public or in the public domain; (b) in the possession of the Receiving Party at the time of the commencement of this action; (c) developed independently by a Receiving Party or obtained by it from another source not in violation of this Order; or (d) disclosed as required by law.

     5.     No material provided hereunder shall be deemed Confidential unless the material is designated by the party producing the material ("Producing Party") as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY." Any material the producing party deems to be Confidential Material shall identify the material by stamping the documents, or copies of the documents, with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or otherwise clearly designating the documents as confidential.

     6.     Any material marked as "CONFIDENTIAL" may be disclosed to: (1) the parties; (2) counsel of record, as of the date hereof, for the parties in this action who are actively engaged in the conduct of this litigation, to the partners, associates, secretaries, paralegal assistants and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; (3) commercial copy services, translators, trial consultants and data entry and computer support organizations retained by a party, provided that such organizations take appropriate steps to protect the status of the Confidential Material; (4) persons with prior knowledge of the Confidential Material and their agents; and (5) the Court, mediator, any juror and any court reporter(s) employed in this action.

     7.     The Confidential Material may also be disclosed to: (1) any individual identified as a witness or person with knowledge in this matter; and (2) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, provided, however, that

in all such cases the individual to whom disclosure is to be made has agreed to be bound by this Order by signing a certificate of confidentiality in the form of Exhibit A to this Order; and any other persons who are expressly retained to assist a party or such party's counsel in the preparation of this case for trial, including, but not limited to, outside accountants, statisticians, economists, expert witnesses and other consultants and the employees of such persons, provided that such persons agree to be bound by this Order by signing a certificate of confidentiality in the form of Exhibit A to this Order.

   8. Documents or other material designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be disclosed to any of the parties or their employees, unless specifically ordered by the Court. The parties may, however, without an order from the Court, disclose this material to: (1) counsel of record, as of the date hereof, for the parties in this action who are actively engaged in the conduct of this litigation, to the partners, associates, secretaries, paralegal assistants and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; (2) commercial copy services, translators, trial consultants and data entry and computer support organizations retained by a party, provided that such organizations take appropriate steps to protect the status of the Confidential Material; (3) the Court, mediator, any juror and any court reporter(s) employed in this action; and (4) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, provided, however, that in all such cases the individual to whom disclosure is to be made has agreed to be bound by this Order by signing a certificate of confidentiality in the form of Exhibit A to this Order; and any other persons who are expressly retained to assist a party or such party's counsel in the preparation of this case for trial, including, but not limited to, outside accountants, statisticians, economists, expert witnesses and other consultants and the employees of such

persons, provided that such persons agree to be bound by this Order by signing a certificate of confidentiality in the form of Exhibit A to this Order.  Nothing herein, however, is intended to preclude the parties from agreeing that any material, whether it is Confidential Material or not, may be disclosed to anyone upon agreement of the parties.

9. In the event that the Receiving Party disagrees with the identification by the Producing Party of any such information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," then the Parties will agree to first attempt resolve such disputes on an informal basis.  If, however, the parties cannot agree on a designation of the material therein, either party shall be entitled to present the dispute to the court by motion or otherwise. The burden of establishing the propriety of any "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" designation shall be on the Producing Party.

10. If any Confidential Material, either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," produced in accordance with this Order is inadvertently disclosed to any person other than a person authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of counsel of record and, without prejudice to other rights and remedies of the provider, shall make every possible effort to retrieve the Confidential Material and prevent any further disclosure by the person who was the recipient of such information.

11. The provisions of the Confidentiality Order shall govern discovery and all pretrial, trial and post-trial proceedings in this action.

12. In the event that any Confidential Material is used in any Court proceeding in this action, including the filing of any motions or other documents with the Court, the Confidential Material shall not necessarily lose its Confidential status through such use, and the party using

such material shall take all steps reasonably available to protect its confidentiality during such use.

13.     Documents that have been designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be filed with the Clerk of the Court, as such filing may be required or permitted by the local rules of this Court, but such documents shall be filed under seal and shall remain under seal except that they may be unsealed for examination by the Court as necessary. For good cause shown, the Court may order that such documents be unsealed.

14.     This Order is entered solely for the purpose of facilitating the exchange of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by any party; (b) to alter the confidentiality or non-confidentiality of any such document or information; or (c) to alter any existing obligation of any party in the absence thereof.

15.     This Order shall survive the final termination of this action to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within sixty (60) days of final termination of this action, each party that is subject to this Order and/or its representatives shall destroy or return to the party or third party that provided Confidential Material all items containing said information and all copies of such materials except that outside counsel may retain, for their files, copies of such pleadings, depositions and exhibits, trial testimony and exhibits, admissions and answers to interrogatories as counsel deem necessary to preserve an accurate record of the proceedings.

16. Nothing in this Order shall prevent a party from using or disclosing its own Confidential Material for purposes other than this case. Nothing in this Order shall prevent either party or any attorney for either party from obtaining or using any Confidential Material in any other proceeding, so long as the Confidential Material is obtained solely pursuant to discovery proceedings permitted in such other proceeding and used under the procedures, rules and orders applicable to such proceeding. No attorney for either party shall be disqualified from representing a party in any other matter or proceeding by virtue of the fact that such attorney has knowledge of any Confidential Material.

        s/ William R. Lunsford
        David B. Block
        William R. Lunsford

MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Post Office Box 18668 (35804-8668)
Huntsville, Alabama 35801-4936
(256) 551-0171
(256) 512-0119 (Facsimile)

*Attorneys for Defendant Correctional Medical Services, Inc.*

        s/ Lindsey C. Edelmann
        David Wayne Long-Daniels
        Lindsey C. Edelmann

Greenberg Traurig LLP
The Forum, Suite 400
3290 Northside Parkway
Atlanta, GA 30327

*Attorneys for Plaintiffs Dr. Larry Camp and Sabrina Martindale*

                                                s/ Kim Thomas
                                                Kim Thomas

Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36104

*Attorney for Defendants Richard F. Allen,*
*Ruth Naglich and Laura Ferrell*

SO ORDERED, this _____ day of _____, 2008

                                                _____
                                                United States District Court Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DR. LARRY CAMP and SABRINA MARTINDALE,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**CORRECTIONAL MEDICAL SERVICES, INC., RICHARD F. ALLEN, individually and in his official capacity as Commissioner of Alabama Department of Corrections, RUTH NAGLICH, in her official and individual capacities, and LAURA FERRELL, in her official and individual capacities,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | **CIVIL ACTION NO. 2:08cv227-CSC** |

    The undersigned has read the Stipulated Confidentiality Order in this case, understands its contents and hereby undertakes and agrees to abide by its terms, including, without limitation, those terms regarding the use of any Confidential Material (as defined in the Order).  The undersigned agrees to submit to the jurisdiction of the United States District Court for the Middle District of Alabama, Northern Division, for the purpose of enforcing the terms and conditions of the Protective Order.

_____        _____
Date                                                        Name (Print or Type)

                                                             _____
                                                              Signature