IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. LARRY CAMP and SABRINA MARTINDALE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACT. NO. 2:08cv227-WKW ) (WO) |
| CORRECTIONAL MEDICAL SERVICES, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the plaintiffs' motion to compel and motion for sanctions (doc. # 33) and the defendants' motion for a protective order (doc. # 42). The plaintiffs assert that they are entitled to discovery regarding applications, resumes, and personnel files of employees at Limestone Correctional Facility ("Limestone") as well as information regarding complaints about dental services at Limestone. In response to the motion to compel, the defendants filed a motion for a protective order arguing that the plaintiffs are seeking "irrelevant, frivolous, annoying and harassing discovery." (Doc. # 42 at 1). Aside from all the hyperbolic rhetoric, the parties' disagreement is about the scope of discovery that should be permitted in this case. The court heard oral argument on the motions on December 2, 2008. After careful review of the motion to compel and motion for a protective order, the briefs filed in support of and in opposition to the motions, and the argument of counsel, the court concludes that the motion to compel and motion for a

protective order are due to be granted in part and denied in part.

In this § 1983 action, the plaintiffs complain that the defendants retaliated against them for "engaging in speech on matters of public concern, including the abuse and mistreatment of Alabama prisoners, in violation of the First and Fourteenth Amendments." (Amended Compl. at 23, ¶ 93). The plaintiffs name as defendants Correctional Medical Services, Inc. ("CMS"), the Commissioner of the Alabama Department of Corrections ("ADOC") Richard Allen ("Allen"), Alabama Associate Commissioner Ruth Naglich ("Naglich"), and ADOC Medical Systems Administrator Laura Ferrell ("Ferrell").

Some factual background is necessary for full understanding of the court's resolution of the discovery issues.[1] In 2003, while working as a dentist for Prison Health Services ("PHS") at Limestone, plaintiffs Larry Camp ("Camp") and Sabrina Martindale ("Martindale") reported to PHS misconduct by their supervisor who was also the Director of Dental Services for the ADOC, Dr. David Michael West ("West"). Defendant Ferrell who was employed by PHS as a regional vice-president, received a copy of the plaintiffs' report against West as did the ADOC Commissioner. Camp also reported West to the Alabama Board of Dental Examiners. Shortly thereafter, Camp was terminated by PHS, and Martindale was fired after she testified against West before the Dental Board.

In 2006, Ferrell left PHS and began work as the ADOC's Medical Systems Administrator. In 2007, the ADOC entered into a medical and dental services contract with

---

[1] In reciting the facts, the court makes no findings and takes the facts as set forth in the plaintiffs' filings.

2

CMS. The contract requires CMS to employ a dentist and dental assistant at Limestone. In October, 2007, Camp applied for a staff dentist position at Limestone. CMS's Director of Dental Services, Dr. King, contacted the employment recruiter to request that Camp be hired at a salary of $75.00 per hour. The recruiter contacted Larry Linton, CMS's Regional Vice-President, to request permission to hire Camp. Linton in turn emailed Naglich, Ferrell and Brandon Kinard at the ADOC asking for guidance regarding hiring Camp.[2] Ferrell responded "Absolutely not," and then informed Linton that Camp was the dentist "who had us all before the State Dental Board [regarding] Dr. Mike West." (Ex. E. attached to Compl.) Linton directed the recruiter to stop pursuing Dr. Camp. (*Id.*)

Martindale also applied for employment with CMS. After an interview, Martindale was offered a dental assistant position by Debbie Hunt, CMS's Health Services Administrator. Thereafter, according to the plaintiffs, Naglich requested that Linton rescind CMS's offer of employment to Martindale, allegedly because Martindale had falsified her time records while employed by PHS. (Amended Compl. at 15, ¶ 60-61). Because Camp and Martindale were not hired, inmates at Limestone were without dental care for a period of time.

The plaintiffs contend that they were not hired by CMS in retaliation for exercising their First Amendment constitutional right to free speech on matters of public concern regarding West and the dental care at Limestone in 2003. The defendants assert that Camp

---

[2] The email reads as follows. "I heard Dr. Camp, dentist, has a history in Alabama. He wants to work for us at Limestone – any guidance?" (Ex. E. attached to Compl.).

3

and Martindale were not hired by CMS because they falsified time records during their employment with PHS, and not because they reported misconduct by West.

FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . " The Committee Comments to FED.R.CYIV.P. 26 confirm that requiring relevance to a claim or defense "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." GAP Report of Advisory Committee to 2000 amendments to Rule 26.

In determining what discovery to allow, the court is likewise guided by some other fundamental principles. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1).

> [D]istrict courts have broad discretion in fashioning discovery rulings, they are bound to adhere "to the liberal spirit of the [Federal] Rules." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973). The Federal Rules do not give district courts "blanket authorization . . . to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Williams v. City of Dothan, Ala.,* 745 F.2d 1406, 1416 (11th Cir. 1984) (quoting *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2nd Cir. 1983)).

*Adkins v. Christie,* 488 F.3d 1324, 1331 (11th Cir. 2007).

"Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all

4

relevant interests as they arise . . . " *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999). In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21 (1984) ("Although ... Rule [26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

At issue in this case are six requests for production of documents and four topics during the deposition of CMS's FED. R. CIV. P. 30(b)(6) corporate representative. Document requests # 2, 3, 7, 8, and 9 all relate to personnel files of applicants and employees at Limestone. Document request # 2 asks for "[a]ll employment applications and/or resumes received by CMS since January 1, 2007 for dentists, dental assistant or dental hygienist positions at (or covering) Limestone Correctional Facility." Document request # 3 seeks "[t]he complete personnel file of all dentists, dental assistants, and dental hygienists employed by CMS and responsible for the provisions of medical or dental services at Limestone Correctional Facility." Document requests # 7, 8 and 9 seek the same information for three CMS employees, Alicia Davis, a CMS dental assistant/hygienist, Debra Hunt, CMS's Health Services Administrator, and Dr. Mark King, a CMS dentist, respectively.

> To the extent not already produced in response to Request No. 3, . . . complete personnel files to include any and all applications for employment, resumes, employment files, records of all positions held, job descriptions of positions applied for and/or received, requests for reference information, requests for credentialing information, background checks, payroll records, W-2 forms, 1099 forms and W-4 forms, performance evaluations and reports, disciplinary

5

>warnings or notices, statements and reports of fellow employees, attendance records and files.

(Doc. # 33, Ex. C).

It is undisputed that the defendants produced the requested personnel files. However, wage, licensing, and arrest history information were redacted from the files. Consequently, the parties' dispute centers around these discrete areas of inquiry.

The plaintiffs contend that the wage information is "directly related" to their damages. (Doc. # 33 at 14). As noted, FED. R. CIV. P. 26(b)(1) permits the discovery of any matter which is relevant to a claim or defense. However, FED. R. CIV. P. 26(c)(1) also permits the court to limit discovery or prescribe a different method of discovery. *Id*. While the court agrees that the plaintiffs are entitled to some wage information, their requests to scour complete personnel files for this information are overbroad and due to be narrowed. Thus, the court concludes that the defendants should produce, without reference to the individual employees, the rates of pay and a full description of benefits for dentists, dental hygienists, and dental assistants at Limestone.

The plaintiffs also argue that the arrest histories and "licensing information" of other CMS employees is necessary to challenge the defendants' reasons for not hiring Camp and Martindale. According to the plaintiffs, this information goes to the truthfulness of the defendants' explanations for not hiring Camp and Martindale and is necessary to attack the defendants' reasons as pretextual. While the plaintiffs again seek broad discovery, the court cannot say that some information regarding criminal convictions or employment misconduct,

6

even if inadmissible at trial, will not lead to discoverable information. Accordingly, the court will require the defendants to produce information about criminal convictions or employment misconduct of any dentist, dental assistant, dental hygienist or other CMS employee in the medical or medical related field who is employed at Limestone. In addition, the court will require the defendants to produce licensing information about any CMS dentist, dental assistant, dental hygienist and other employee in the medical or medical related field who are employed at Limestone and have had their license suspended, revoked or limited for any reason in any state.

With respect to document request # 23, the plaintiffs seek "[a]ll documents reflecting or evidencing any complaint, charge or grievance by a person assigned to Limestone Correctional Facility (including inmates) concerning the provision (or lack thereof) of dental services since January 1, 2002.[3] (Doc. # 33, Ex. C). According to the plaintiffs, this information "may support an award of punitive damages against the Defendants" because the defendants' failure to hire Camp and Martindale "appears to have caused the prisoner-patients at Limestone to suffer needlessly." (Doc. # 33 at 14-15). While the court agrees that failure to provide constitutionally adequate dental care to prisoners is unacceptable, the plaintiffs cannot improve their damage claim based on harms or injuries to others.

> Finally, we can find no authority supporting the use of punitive damages awards for the purpose of punishing a defendant for harming others. We have said that it may be appropriate to consider the reasonableness of a punitive damages award in light of the *potential* harm the defendant's conduct could

---

[3] The plaintiffs have since limited this request to November 1, 2007.

> have caused. But we have made clear that the potential harm at issue was harm potentially caused *the plaintiff*. See *State Farm, supra,* at 424, 123 S.Ct. 1513 ("[W]e have been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, *to the plaintiff* and the punitive damages award" (emphasis added)). See also *TXO,* 509 U.S., at 460-462, 113 S.Ct. 2711 (plurality opinion) (using same kind of comparison as basis for finding a punitive award not unconstitutionally excessive). We did use the term "error-free" (in *BMW*) to describe a lower court punitive damages calculation that likely included harm to others in the equation. 517 U.S., at 568, n. 11, 116 S.Ct. 1589. But context makes clear that the term "error-free" in the *BMW* footnote referred to errors relevant to the case at hand. Although elsewhere in *BMW* we noted that there was no suggestion that the plaintiff "or any other BMW purchaser was threatened with any additional potential harm" by the defendant's conduct, we did not purport to decide the question of harm to others. *Id.,* at 582, 116 S.Ct. 1589. Rather, the opinion appears to have left the question open.

*Philip Morris USA v. Williams,* 127 S.Ct. 1057, 1063 -1064 (2007).

The evidence appears to be undisputed that CMS did not hire another dentist or dental assistant/dental hygienist for some period of time after it declined to hire Camp and Martindale. Absent other evidence, a reasonable person and certainly a reasonable jury would know that during that time inmates did not receive dental care. The plaintiffs seek to use the inmate grievances and complaints merely to quantify the magnitude of harm allegedly caused the inmates. However, it is difficult to understand how an inmate's grievance could reasonably quantify either the inmate's harm or Camp and Martindale's damages. Accordingly, the plaintiff's motion to compel a response to document request # 23 will be denied and the defendants' motion for a protective order regarding request # 23 will be granted.

Next, the plaintiffs seek to compel the defendants to designate a "knowledgeable

corporate representation to testify on four different topics set forth in the Rule 30(b)(6) deposition notice, Topics 28, 31-32 and 36." (Doc. # 33 at 15). The topics at issue are as follows:

> Topic 28: The reasons, if any, CMS has denied any person's application to work at an Alabama prison or correctional facility in the last twelve months.
>
> Topic 31: The identity of all CMS employees with knowledge of either Plaintiff's (sic) or complaints regarding Dr. David Michael West.
>
> Topic 32: The identity of each prisoner incarcerated at Limestone that has filed a charge, grievance, or complaint about the medical or dental services provided by CMS, the nature of each prisoner's charge, grievance or complaint, and the current status or disposition of the same.
>
> Topic 36: The identity of all CMS employees or contractors working or who have worked in Alabama since November 1, 2007 who (1) have had their medical or dental license revoked or suspended; (2) have been sanctioned by a licensing board; and/or (3) had an expired medical or dental license at the time he or she performed dental or medical services on prisoners in Alabama.

(Doc. # 33 at 12).

A Rule 30(b)(6) deposition is simply not the appropriate discovery mechanism to secure the type of information covered by these broad topic designations. The court is doubtful a single corporate representative could provide to the plaintiffs the information they seek.[4] Accordingly, with respect to designation of a corporate representative to testify

---

[4] To the extent that the plaintiffs require the defendants to designate the "most knowledgeable" person, the defendants are only required to designate a person to "testify about information known or reasonably available to the organization." . FED. R. CIV. P. 30(b)(6). Nothing in the Rule mandates the

9

regarding topics 28, 31, 32 and 36, the plaintiffs' motion to compel will be denied and the defendants' motion for a protective order will be granted.

Finally, the plaintiffs seek to have the defendants sanctioned for willfully failing to designate an appropriate representative to answer questions on the topics designated. For the simple reason that the level of generality of the topics would make it virtually impossible for a single representative to be able to adequately respond to the topics of inquiry, the court declines to sanction the defendants. The plaintiffs' motion for sanctions will be denied.

Accordingly, for the reasons as stated, it is

ORDERED as follows:

1. That the plaintiffs' motion to compel wage information be and is hereby GRANTED to the extent that the defendants shall produce, without reference to the individual employees, the rates of pay for dentists, dental hygienists, and dental assistants at Limestone. In all other respects, the defendants' motion for a protective order regarding wage information be and is hereby GRANTED.

2. That the plaintiffs' motion to compel arrest histories be and is hereby GRANTED to the extent that the defendants shall produce information about criminal convictions or employment misconduct of any CMS dentist, dental assistant, dental hygienist or other employee in the medical or medical related field who is employed at Limestone. In all other respects, the defendants'

---

defendants put up "their most knowledgeable" person.

motion for a protective order regarding arrest information be and is hereby GRANTED.

3. That the plaintiffs' motion to compel licensing information be and is hereby GRANTED to the extent that the defendants shall produce information about licensing information about any CMS dentist, dental assistant, dental hygienist or other employee in the medical or medical related field who is employed at Limestone and had their license revoked, suspended or limited for any reason in any state. In all other respects, the defendants' motion for a protective order regarding licensing information be and is hereby GRANTED.

4. The plaintiffs' motion to compel a response to document request # 23 be and is hereby DENIED. The defendants' motion for a protective order regarding request # 23 be and is hereby GRANTED.

5. The plaintiffs' motion to compel the defendants to designate a knowledgeable corporate representative be and is hereby DENIED. The defendants' motion for a protective order regarding the corporate representative designation be and is hereby GRANTED.

6. The plaintiffs' motion for sanctions be and is hereby DENIED.

Done this 9th day of December, 2008.

       /s/Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE