IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. LARRY CAMP and SABRINA MARTINDALE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACT. NO. 2:08cv227-WKW ) (WO) |
| CORRECTIONAL MEDICAL SERVICES, *et al.*, | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

In this § 1983 action, the plaintiffs complain that the defendants retaliated against them for "engaging in speech on matters of public concern, including the abuse and mistreatment of Alabama prisoners, in violation of the First and Fourteenth Amendments." (Amended Compl. at 23, ¶ 93). The plaintiffs name as defendants Correctional Medical Services, Inc. ("CMS"), the Commissioner of the Alabama Department of Corrections ("ADOC") Richard Allen ("Allen"), Alabama Associate Commissioner Ruth Naglich ("Naglich"), and ADOC Medical Systems Administrator Laura Ferrell ("Ferrell").

Before the court is the plaintiffs' emergency motion for preliminary injunctive relief (doc. # 44) filed on December 2, 2008. The defendants have filed a response to the motion. (Doc. # 52). Upon consideration of the motion, briefs in support of and in opposition to the motion, the evidence before the court and the arguments of counsel, the court concludes that the plaintiffs' emergency motion for preliminary injunctive relief should be denied.

Because the motion for preliminary injunction arises out of pre-litigation settlement

agreements signed by the parties in 2005, a brief history of this case is necessary. In 2003, while working for Prison Health Services ("PHS"), plaintiffs Larry Camp ("Camp") and Sabrina Martindale ("Martindale"), reported to PHS misconduct by their supervisor, Dr. David Michael West ("West") who was also the Director of Dental Services for the ADOC. Defendant Ferrell was employed by PHS as a regional vice-president at the time, and received a copy of the plaintiffs' reports. Camp also reported West to the Alabama Board of Dental Examiners.

Shortly thereafter, Camp was terminated by PHS. Martindale was fired after she testified against West before the Dental Board. In 2005, prior to a lawsuit being filed, the plaintiffs and PHS entered into written settlement agreements resolving Camp and Martindale's employment disputes with PHS. The settlement agreements contain waivers and releases, confidentiality provisions, and non-disclosure and non-disparagement clauses. The agreements describe "Releasees" as "PHS and its past, present and future officers, directors, fiduciaries, trustees, employees, independent contractors, clients, parents or holding companies, . . . subsidiaries, affiliated entities, shareholders, agents, and attorneys." In addition, the agreements contain a non-disparagement and non-disclosure clause under which the plaintiffs may not

> directly or indirectly defame, disparage, criticize or make derogatory remarks about PHS or any of the other Releasees in any form, communication or media whatsoever, whether or not [the plaintiffs] consider such remarks to be true. Further, [the plaintiffs] shall take no actions intended to harm the reputation, mission, business or operations of PHS, it services, or any of its officers, directors or employees. . . . In addition, [we] agree not

> to disclose the terms, contents or execution of this Agreement, or other facts and circumstances underlying this Agreement, (including the allegations [we] made concerning PHS) . . .

CMS became the contract medical provider for Alabama prisons in 2007. The plaintiffs filed this action on March 27, 2008, alleging that CMS's decision to deny them employment in 2007 constituted retaliation in which the correctional defendants had joined. In their complaint and amended complaint, the plaintiffs make allegations about Ferrell, Allen, Naglich, West and PHS.

On November 21, 2008, PHS informed the plaintiffs in writing that, in its opinion, the plaintiffs had "clearly violated the terms of the Settlement Agreement[s] by publishing matters well-within the scoop of the Agreement[s'] confidentiality, non-disparagement, and non-disclosure clauses." PHS demanded that the plaintiffs

> (1) immediately withdraw the public pleadings in the court for the referenced case that violate the Settlement Agreement[s]; (2) immediately make arrangements for any documents or statements violative of the Settlement Agreement[s] to be destroyed, turned over to this office, or otherwise placed under permanent seal; and (3) permanently refrain from any further violations of the Settlement Agreement[s].

On November 26, 2008, defendants Allen, Naglich and Ferrell made a written demand on the plaintiffs that "they cease the continuation of this lawsuit" because, according to them, it is violative of the 2005 Settlement Agreements.

The plaintiffs filed their emergency motion for preliminary injunctive relief on December 2, 2008 seeking to "enjoin the ADOC Defendants from taking any action to enforce any rights they claim to have under the 2005 Settlement Agreements for any

statements made or actions taken by Plaintiffs in the course of this judicial proceeding." (Doc. # 44 at 8).

## II. DISCUSSION

The plaintiffs seek emergency preliminary injunctive relief to "continue to pursue this litigation and to vindicate their rights against Defendants without fear of unlawful reprisal or retaliation from the ADOC Defendants, . . . [and to] enjoin the ADOC Defendants from taking any action to enforce any rights they claim to have under the 2005 Settlement Agreements for any statements made or actions taken by Plaintiffs in the course of this judicial proceeding." (Doc. # 44 at 8).

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). To prevail on its motion for a preliminary injunction, the plaintiffs bear the burden of demonstrating each of the four prerequisites for issuance of an injunction.

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

*North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008) *quoting Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002). *See also Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) *quoting Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (per

curiam). "[A] preliminary injunction is an extraordinary and drastic remedy not be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Siegel*, 234 F.3d at 1176. The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel,* 234 F.3d at 1176 (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The plaintiffs fail to establish a substantial likelihood of success on the merits because they cannot demonstrate that this court has subject matter jurisdiction over their claims regarding the settlement agreements. "[A] federal court may have jurisdiction to enforce the terms of a private settlement agreement where a court has embodied the agreement in a dismissal order or has specially retained jurisdiction over it." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003). It is undisputed that the settlement agreements at issue are private pre-litigation agreements between the plaintiffs and PHS and the releasees. Consequently, the agreements were not contained within a dismissal order,[1] and the court does not have jurisdiction to enforce or enjoin the settlement agreements.[2]

---

[1] Because the agreements were reached prior to litigation, the court never had jurisdiction to retain.

[2] Another possible basis for the jurisdiction of the court arguably is the All Writs Act, 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, the court concluded that "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." 511 U.S. 375, 382 (1994). The underlying retaliation suit does not provide a jurisdictional basis for the plaintiffs' motion for injunctive relief regarding the settlement agreements. In order for the plaintiffs to be successful on the merits of their claims regarding the settlement agreements, the court would have to interpret the agreements and determine the scope of the coverage of the agreements, i.e. whether the defendants are releasees or intended third party beneficiaries to the agreements, as well as determine the applicability of the non-disclosure and non-disparagement clauses. In essence, the plaintiffs seek to have the court construe agreements which are unrelated to the claims in the underlying litigation.

The short of the matter is this: The suit involves a claim for

---

principles of law." Under this statute, the Supreme Court "has repeatedly recognized the power of a federal court to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977). To obtain an injunction under the All Writs Act, the injunction "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004). While proceedings are pending, "a court may enjoin almost any conduct 'which, left unchecked, would have ... the practical effect of diminishing the court's power to bring the litigation to a natural conclusion.'" *Klay*, 376 F.3d at 1102 (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978)). An injunction under the All Writs Act invokes the equitable power of the court; thus, as is similarly the case for traditional injunctions, a court may not issue an injunction under the All Writs Act if adequate remedies at law are available. *See Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1526 n. 13 (11th Cir. 1994). Here, the plaintiffs' claims or defenses relating to the settlement agreement can be raised in a proper forum. And while their actions in this case may expose them to consequences related to that settlement agreement, that exposure does not affect or frustrate the ability of the court to bring this case to a conclusion or diminish the integrity of these proceedings. *Cf United States v. Or. State Med. Soc.*, 343 U.S. 326, 333 (1952) ("The sole function of an action for injunction is to forestall future violations. It is so unrelated to punishment or reparations for those past that its pendency or decision does not prevent concurrent or later remedy for past violations by indictment or action for damages by those injured.")

>       breach of a contract, . . . The facts to be determined with regard
>       to such alleged breaches of contract are quite separate from the
>       facts to be determined in the principal suit, and automatic
>       jurisdiction over such contracts is in no way essential to the
>       conduct of federal-court business.

*Kokkonen*, 511 U.S. at 381.

The plaintiffs point to no independent basis for this court to exercise jurisdiction over the settlement agreements. At oral argument, the plaintiffs purported to rely on the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., for federal jurisdiction. Their reliance is misplaced. "Of course, it is well established that the Declaratory Judgment Act does not, of itself confer jurisdiction upon federal courts." *Weitzman v. Microcomputer Resources, Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008). *See also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003); *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992).

Because settlement agreements at issue are private agreements between the parties, and the court does not have subject matter jurisdiction over the plaintiffs' claims related to those agreements, the court is without jurisdiction to entertain the plaintiffs' motion for injunctive relief. Consequently, the plaintiffs have failed to demonstrate a substantial likelihood of success on the merits of their claims and their motion for preliminary injunctive relief is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiffs' motion for an emergency preliminary injunction (Doc. No. 44) be DENIED. It is

7

further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 5, 2009.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of December, 2008.

      /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE